

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00291-CV

IN RE TOMMY KEENER, RELATOR

ORIGINAL PROCEEDING

September 30, 2013

## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is the petition of Tommy Keener (relator) for writ of mandamus. We deny it.

The dispute involves an alleged mistake in the filling of Keener's prescription by United Supermarket LLC. The mistake, which purportedly occurred in 2011, involved the substitution, by a United pharmacist, of an oral medication for an ophthalmic one. After initiating suit, Keener served United with the following discovery requests:

> [1] Identify each person who has made, or threatened to make, a claim, against United or it's pharmacy employees for pharmaceutical errors or negligence from 2005 to the present, and identify the United employee(s) involved, United location, and the state, county and cause number of any suit filed.

[2] In the 6 years prior to the INCIDENT IN QUESTION, has UNITED or the employees of UNITED in its pharmacies throughout the UNITED system incorrectly filled a prescription? IDENTIFY the name of the store, the prescription involved, whether the customer was injured, any incident report, what was done to prevent the error from reoccurring and IDENTIFY any DOCUMENTS which reflect same.

United objected to the requests. The grounds for objection included such things as 1) the information being outside the scope of discovery, 2) the information being irrelevant, 3) the requests being overly broad in time and scope, 4) the requests being unduly burdensome and intended for the sole purpose of harassment, and 5) the requests being nothing more than a fishing expedition. Upon hearing the matter, the trial court ultimately ordered United to provide the following:

A. any evidence regarding mis-filled prescriptions at the UNITED store in question for the last four years, not limited to only the medicine involved in this case (time frames run from the time of the first alleged mis-filled prescription on 4/15/2011),

B. any evidence regarding mis-filled prescriptions for the last four years (time frames run from the time of the first alleged mis-filled prescription on 4/15/201I), not limited to only the medicine involved in this case, regardless of the store they were assigned to at the time of any mis-filling, that were connected to any of the following individuals employed by UNITED: Shelley Ward, Michael Jordan, Troy Burke, Carolina Calderon, Lisa Robles, Sharon Dimmick, and Crockett Tidwell,

C. The total number of mis-filled prescriptions caused by the same type of error alleged in this case for the last two years (time frames run from the time of the first alleged mis-filled prescription on 4/15/2011) in all UNITED stores located in Lubbock County, not limited to only the medicine involved in this case.

The discovery ordered by the court was deemed insufficient by Keener. Instead, he asks us to "enter an order allowing Keener to discover the details of other pharmaceutical errors in the entire United Supermarkets, LLC. system for the six years

2

prior to suit." We are obligated to enter such an order because, to prove gross negligence and thereby recover punitive damages, Keener has:

> . . . to show that United had prior wrongfully filled prescriptions and that it was part of a system, scheme, or plan of indifference. But before we can do that, we have to discover the evidence of those previously wrongfully filled prescriptions. [Here] a pharmacy technician, with the assistance of a supervising pharmacist, was allowed to manually deactivate an existing prescription that had been prescribed to Keener for his eye and created a new prescription (with a drug which was not designed to be administered in the eye) without contacting the prescribing doctor for his approval. [Precedent] allows us to discover if United pharmacies have done this in other situations as part of a "system, scheme or plan of indifference" which United took no action to avoid.

Mandamus does not issue simply upon the request of a party. Rather, the relator is obligated to prove that the trial court's decision evinced a clear abuse of discretion or violation of some duty imposed by law and that he lacks a clear and adequate legal remedy. *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). Furthermore, an abuse of discretion arises when the decision rendered is "so arbitrary and unreasonable [that] it amounts to a clear and prejudicial error of law or it clearly fails to correctly analyze or apply the law." *In re Olshan Found. Repair Co*., 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker,* 827 S.W.2d at 839.

This is not a situation where the trial court sustained *in toto* the objections asserted by United. Rather it granted them in part but nonetheless ordered the production of information. Thus, the trial court implicitly found some or all of those objections legitimate. Because the order does not specify the particular ground or grounds it found to be meritorious, Keener was obligated to show why none justified the decision. He does not do that. None of the objections uttered by United are addressed

3

or shown to be invalid. Instead, Keener simply concludes that he is entitled to everything he seeks to prove the "system, scheme or plan of indifference" of which he accused United. Why the achievement of that goal is either thwarted or hampered via disclosure of only that matter encompassed in the trial court's order goes unmentioned. Thus, we cannot say that Keener carried the burden imposed on him by *Walker* and *Prudential Insurance*.

Nor did Keener address the second prerequisite to obtaining relief, that is, the absence of an adequate legal remedy. That too is fatal.

The petition for a writ of mandamus is denied.


Brian Quinn
Chief Justice